IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **In re**:<br>Fernando Andres Lopez Mazuela | Case No. 25-03171-MJC<br>Chapter 13 |

DEBTOR'S REPONSE TO TRUSTEE'S OBJECTION TO
DEBTOR'S CHAPTER 13 PLAN

Debtor, by and through undersigned counsel, responds as follows to the Chapter 13 Trustee's Objection to the Debtor's Chapter 13 Plan.

1. Denied. The Plan states the proper amount to be paid to unsecured creditors, per the Debtor's Chapter 13 Means Test (Form 122C), based on the stated disposable income and a commitment period of 60 months. The Trustee has submitted no allegations or documentation supporting his position that the amount stated is incorrect. Accordingly, the Trustee's allegation is both incorrect and lacks any support or confirmation per the filing.

2. Denied. The Trustee filed its objection on February 9, 2026. A review of the docket shows that on January 5, 2026, Debtor filed his "Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period for 5 Years. Disposable Income is Determined."[1] Accordingly, Debtor complied with his filing requirement, and the Trustee's representation in this averment is incorrect.

3. Denied as to both 3a and 3b. The Debtor does not have insufficient net income on Schedules I and J. Schedule J shows disposable income of $541.84; Form 122C shows disposable income of $434.53; and the Debtor's Chapter 13 Plan proposes a payment of $500.00 for a period of 60 months, totaling a plan payment of $30,000.00. The Plan proposes a payment above the disposable income amount on Form 122C. While Schedule J reflects current household expenses, it does not establish the minimum required plan payment for an above-median debtor. Projected disposable income is governed by Form 122C, absent a showing of bad faith, which the Trustee has neither alleged nor supported.

    The Plan is not underfunded. This Chapter 13 filing involves only unsecured creditors, who will receive a pro rata distribution. There are no secured arrears, no priority claims other than administrative claims for attorneys fees, and no non-exempt equity. Therefore, it is an excess income case only; unsecured creditors are entitled to a pro rata payment for valid, properly filed

---

[1] See Docket Entry #20.

claims. The Chapter 13 Plan commits a monthly amount in excess of the disposable income listed on Form 122C, which results in the Debtor's Plan satisfying §1325(b). Upon the Trustee's objection, the Bankruptcy Code requires only that the Debtor commit all projected disposable income to the Plan for the applicable commitment period.[2]

The Trustee has not identified any mathematical error, misstatement, or abuse in the Debtor's means test calculation, filed on January 5, 2026, nor has the Trustee alleged facts supporting a finding of lack of good faith under §1325(a)(3).

**WHEREFORE**, Debtors respectfully request that this Honorable Court OVERRULE the Trustee's Objection, and CONFIRM the Debtor's Chapter 13 Plan.

Respectfully submitted,

**SHANE WEAVER LAW, LLC**

*[signature]*

Shane L. Weaver, Esquire
Attorney for Debtors

---

[2] *11 U.S.C. § 1325(b)(1)(B).*

## United States Bankruptcy Court
## Middle District Of Pennsylvania

In re  **Lopez Mazuela, Fernando Andres**  Case No.  **5:25-bk-03171**

Chapter  **13**

Debtor(s)

# CERTIFICATE OF MAILING

The undersigned hereby certifies that a true copy of the following document(s):

was(were) mailed to all persons in interest at the addresses set forth in the exhibit which is attached hereto, electronically or by first class mail, postage prepaid, on   **02/10/2026**   .

Dated:   **02/10/2026**

/s/ Shane L Weaver
Shane L Weaver
Debtor or Debtor's(s') Counsel
Bar Number: 206486
Law Office Of Shane L. Weaver
568 Old York Road
Etters, PA 17319
Phone: (717) 745-8185
Email: bankruptcy@shaneweaverlaw.com

Jack N. Zaharopoulos
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036