United States Bankruptcy Court

Middle District of Pennsylvania

In re:                                                                                    Case No. 25-03171-MJC

Fernando Andres Lopez Mazuela                                           Chapter 13
     Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-5                        User: AutoDocke                                    Page 1 of 2

Date Rcvd: Feb 09, 2026                   Form ID: pdf002                                Total Noticed: 24

The following symbols are used throughout this certificate:

**Symbol        Definition**

+        Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 11, 2026:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Fernando Andres Lopez Mazuela, 99 E Broad St, East Stroudsburg, PA 18301-2232 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| cr | + Email/PDF: acg.acg.ebn@aisinfo.com | Feb 09 2026 19:00:32 | Bridgecrest Credit Company, LLC as Agent and Servi, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| 5756044 | + Email/PDF: AffirmBKNotifications@resurgent.com | Feb 09 2026 19:00:22 | AFFIRM INC, 650 CALIFORNIA ST FL 12, SAN FRANCISCO, CA 94108-2716 |
| 5756045 | + Email/Text: rm-bknotices@bridgecrest.com | Feb 09 2026 18:52:00 | BRIDGECREST CREDIT C, 7300 E HAMPTON AVE, MESA, AZ 85209-3324 |
| 5756403 | + Email/PDF: acg.acg.ebn@aisinfo.com | Feb 09 2026 19:00:21 | Bridgecrest Credit Company, LLC as Agent, AIS Portfolio Services, LLC, 4515 N Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| 5756046 | + Email/PDF: AIS.cocard.ebn@aisinfo.com | Feb 09 2026 19:00:31 | CAPITAL ONE BANK USA, PO BOX 31293, SALT LAKE CITY, UT 84131-0293 |
| 5770688 | Email/PDF: AIS.cocard.ebn@aisinfo.com | Feb 09 2026 19:00:20 | Capital One N.A., by AIS InfoSource LP as agent, PO Box 71083, Charlotte, NC 28272-1083 |
| 5778170 | + Email/PDF: acg.acg.ebn@aisinfo.com | Feb 09 2026 19:00:21 | Carvana, LLC / Bridgecrest c/o AIS Portfolio Servi, 4515 N. Santa Fe Ave. Dept. APS, Oklahoma City, OK 73118-7901 |
| 5756047 | + Email/Text: mrdiscen@discover.com | Feb 09 2026 18:51:00 | DISCOVER CARD, PO BOX 30939, SALT LAKE CITY, UT 84130-0939 |
| 5756048 | + Email/Text: Bankruptcy@ICSystem.com | Feb 09 2026 18:51:00 | I.C. SYSTEM, INC, PO BOX 64378, SAINT PAUL, MN 55164-0378 |
| 5756049 | + Email/Text: JCAP_BNC_Notices@jcap.com | Feb 09 2026 18:52:00 | JEFFERSON CAPITAL SYST, 200 14TH AVE E, SARTELL, MN 56377-4500 |
| 5770340 | Email/Text: JCAP_BNC_Notices@jcap.com | Feb 09 2026 18:52:00 | Jefferson Capital Systems LLC, PO Box 7999, St. Cloud, MN 56302-9617 |
| 5756050 | + Email/PDF: resurgentbknotifications@resurgent.com | Feb 09 2026 19:00:22 | LVNV FUNDING LLC, PO BOX 1269, GREENVILLE, SC 29602-1269 |
| 5769896 | Email/PDF: resurgentbknotifications@resurgent.com | Feb 09 2026 19:00:22 | LVNV Funding, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 5756051 | + Email/PDF: Citi.BNC.Correspondence@citi.com | Feb 09 2026 19:00:22 | MACYS/CITIBANK NA, PO BOX 6789, SIOUX FALLS, SD 57117-6789 |
| 5756052 | + Email/Text: bankruptcydpt@mcmcg.com | Feb 09 2026 18:52:00 | MIDLAND CREDIT MANAGEM, 320 E BIG BEAVER RD STE, TROY, MI 48083-1238 |
| 5779739 | + Email/Text: bankruptcydpt@mcmcg.com | | |

| | | Feb 09 2026 18:52:00 | Midland Credit Management, Inc., PO Box 2037, Warren, MI 48090-2037 |
|---|---|---|---|
| 5756053 | Email/Text: NissanBKNotices@nationalbankruptcy.com | Feb 09 2026 18:51:00 | NISSAN-INFINITI LT, 8900 FREEPORT PKWY, IRVING, TX 75063 |
| 5756054 | + Email/PDF: ebnotices@pnmac.com | Feb 09 2026 19:00:27 | PENNYMAC LOAN SERVICES, 6101 CONDOR DR STE 200, MOORPARK, CA 93021-2602 |
| 5756055 | + Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | Feb 09 2026 19:00:21 | PORTFOLIO RECOV ASSOC, 120 CORPORATE DRIVE, NORFOLK, VA 23502-4952 |
| 5779590 | Email/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com | Feb 09 2026 19:00:21 | PORTFOLIO RECOVERY ASSOCIATES, LLC, POB 41067, Norfolk, VA 23541 |
| 5774315 | Email/Text: bnc-quantum@quantum3group.com | Feb 09 2026 18:52:00 | Quantum3 Group LLC as agent for, Velocity Investments LLC, PO Box 788, Kirkland, WA 98083-0788 |
| 5756056 | + Email/Text: bankruptcy@bbandt.com | Feb 09 2026 18:51:00 | TRUIST BANK, PO BOX 85052, RICHMOND, VA 23285-5052 |
| 5756057 | + Email/Text: wfmelectronicbankruptcynotifications@verizonwireless.com | Feb 09 2026 18:51:00 | VERIZON, PO BOX 650584, DALLAS, TX 75265-0584 |

TOTAL: 23

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 11, 2026       Signature:       /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 9, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Jack N Zaharopoulos | ecf_pahu_alt@trustee13.com |
| Matthew K. Fissel | on behalf of Creditor PENNYMAC LOAN SERVICES  LLC bkgroup@kmllawgroup.com, wbecf@brockandscott.com |
| Shane L Weaver | on behalf of Debtor 1 Fernando Andres Lopez Mazuela bankruptcy@shaneweaverlaw.com LawOfficeOfShaneLWeaver@jubileebk.net |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 4

## LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

**Lopez Mazuela, Fernando Andres**

CHAPTER 13

CASE NO. **5:25-bk-03171**

✓ ORIGINAL PLAN

_____ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)

**0** Number of Motions to Avoid Liens
**1** Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | |
|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ✓ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ✓ Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchasemoney security interest, set out in § 2.G. | ☐ Included | ✓ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

### 1. PLAN FUNDING AND LENGTH OF PLAN.

#### A. Plan Payments From Future Income

1. To date, the Debtor paid $ **0.00** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ **30,000.00** , plus other payments and property stated in § 1B below:

1

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 11/2025 | 10/2030 | $500.00 | $0.00 | $500.00 | $30,000.00 |
| | | | | Total Payments: | $30,000.00 |

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: (    ) Debtor is at or under median income. *If this line is checked, the rest of §* *1.A.4 need not be completed or reproduced.*

( ✓ ) Debtor is over median income. Debtor estimates that a minimum of $ __26,040.00__ must be paid to allowed unsecured creditors in order to comply with the Means Test.

**B. Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $ ___0.00___ . (Liquidation value is calculated as the value of all nonexempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

_____ No assets will be liquidated. *If this line is checked, skip § 1.B.2 and complete § 1.B.3 if applicable.*

_____ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ _____ from the sale of property known and designated as _____ All sales shall be completed by _____ , 20 _____. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____

**2. SECURED CLAIMS.**

**A. Pre-Confirmation Distributions.** *Check one.*

2

☑ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☑ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

☑ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| BRIDGECREST CREDIT C | 2015 INFINITI QX60<br>VIN: 5N1ALOMM6FC526970 | $9,500.00 | 9.00% | $10,602.28 | |

F. **Surrender of Collateral.** *Check one.*

☑ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☑ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3

## 3. PRIORITY CLAIMS.

### A. Administrative Claims

1. **Trustee's Fees.** Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

2. **Attorney's fees.** Complete only one of the following options:

   a. In addition to the retainer of $ **1,000.00** already paid by the Debtor, the amount of $ **3,025.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

   b. $ _____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. **Other.** Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

   ☑ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

### B. Priority Claims (including, certain Domestic Support Obligations

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| | |

### C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B). *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

## 4. UNSECURED CLAIMS

### A. Claims of Unsecured Nonpriority Creditors Specially Classified. *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

### B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. *Check one of the following two lines.*

☑ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

4

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

☑ plan confirmation.

☐ entry of discharge.

☐ closing of case.

**7. DISCHARGE: (Check one)**

☑ The debtor will seek a discharge pursuant to § 1328(a).

☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS**

5

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: __01/09/2026__          __/s/ Shane L Weaver__

Attorney for Debtor


__/s/ Fernando Andres Lopez Mazuela__

Debtor


_____

Joint Debtor


By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

6

Case 5:25-bk-03171-MJC    Doc 31    Filed 02/11/26    Entered 02/12/26 00:29:15    Desc
Imaged Certificate of Notice    Page 8 of 8